IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| EURIKA MCNEIL,<br><br>  Plaintiff,<br><br>v.<br><br>OFFICER JACOB GROOMS,<br>CITY OF GOOSE CREEK POLICE<br>DEPARTMENT, and CITY OF<br>GOOSE CREEK<br>  Defendants. | CA: 2:24-cv-02068-DCN<br><br>**COMPLAINT**<br><br>(JURY TRIAL REQUESTED) |

The Plaintiff Eurika McNeil, complaining of the above-named Defendants herein, would respectfully allege and show this Honorable Court:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over all claims alleged, personal jurisdiction over the parties, and venue is proper in Berkeley County.

2. That the Plaintiff, Eurika McNeil, is a resident of the County of Charleston, State of South Carolina.

3. The Defendant Jacob Grooms (hereinafter "Defendant Grooms"), is and was employed with the City of Goose Creek Police Department as a law enforcement officer at the time of the events complained of, and at all times described, Defendant, Jacob Grooms, was acting within the course and scope of his employment with the City of Goose Creek Police Department and under color of law.

4. Upon information and belief, the Defendant, the City of Goose Creek Police Department (hereinafter "Defendant GCPD") is a governmental agency and/or political subdivision

1

of the State of South Carolina as defined by S.C. Code §15-78-10 and has facilities located in Berkeley County, South Carolina. At all times mentioned in this lawsuit the Defendant GCPD acted and carried on its business by and through its agents, servants, and/or employees. Additionally, these agents, servants, and/or employees were operating within the scope of their officially assigned and/or compensated duties at all times hereinafter mentioned.

5. The Defendant, City of Goose Creek, (hereinafter "Defendant Goose Creek") is a political subdivision of the State of South Carolina as defined in S.C. Code§ 15-78-10 and has facilities located in Berkeley County, South Carolina. At all times mentioned in this lawsuit the Defendant Goose Creek acted and carried on its business by and through its agents, servants, and/or employees at the above-mentioned location. Additionally, these agents, servants, and/or employees were operating within the scope of their officially assigned and/or compensated duties during all times hereinafter mentioned.

6. That all Defendants, the City of Goose Creek Police Department, Officer Jacob Grooms, and the City of Goose Creek herein are liable to the Plaintiff for their tortious and unlawful conduct.

7. Plaintiff is informed and does believe that Defendants GCPD and City of Goose Creek had the right and/or power to direct and control the manner in which its employees and/or agents executed their duties.

8. The incident took place in the City of Goose Creek, Berkeley County, South Carolina.

## FACTUAL BACKGROUND

9. On the evening of April 24, 2022 at approximately 9:30 PM, Eurika McNeil was a passenger in a Nissan Rogue driven by Andre Dantzler that was traveling Southbound on Plantation North BLVD entering the intersection of HWY 176 in Goose Creek SC.

10. At the same time, Defendant Grooms was driving a police utility cruiser in high pursuit of D'Andre Edwards for a traffic violation.

11. Defendant Grooms' police chase was at recklessly high speeds of over 100 miles per hour and in violation of the GCPD's vehicle and traffic enforcement policies and procedures as well as generally accepted policing standards.

12. Plaintiff is informed and believes that at all times relevant hereto, Defendant Grooms was well aware that his police utility cruiser is considered a deadly weapon and that he was forbidden pursuant to generally accepted policing standards and the GCPD policies and procedures.

13. As Andre Dantzler's vehicle entered the intersection, Mr. Edwards subsequently crashed into his vehicle causing the Plaintiff to be ejected on impact.

14. On information and belief, Plaintiff suffered painful injuries and mental distress during the collision caused by Defendant Grooms, including pain arising from the injuries she sustained when she was propelled out of the vehicle and onto the pavement.

15. Despite Defendant Grooms' recognition of the extreme recklessness and deliberate indifference to the general public posed by his high-speed pursuit, Defendant Grooms nonetheless continued in blatant violation of numerous policies and procedures governing the safe vehicular pursuit of suspects in Berkeley County.

16. Defendant Grooms conducted his pursuit in reckless disregard for the safety of others, including the safety of the Plaintiff. Defendant Grooms drove his police cruiser through red lights, veered across double yellow lines into oncoming traffic, and traveled at unsafe speeds. Defendant Grooms repeatedly proceeded past red stop signals without slowing down as necessary for safe operation, exceeded the maximum speed limit without regard to whether he was endangering life or property, and disregarded regulations governing direction of movement, all of which violated South Carolina law of operations of authorized vehicles. See SC Code § 56-5760.

17. Plaintiff is further informed and believes that generally accepted policing standards and the GCPD's policies and procedures required Defendant Grooms to terminate the pursuit when the risk of continuing exceeded the public safety benefit.

18. Defendant Grooms, who was the primary unit in the pursuit, failed to evaluate and assess the pursuit situation and terminate it when the risk associated with continuing outweighed the public safety benefit of apprehending Mr. Edwards.

19. On information and belief, the Defendants GCPD, and the City of Goose Creek failed to provide Defendant Grooms with adequate, appropriate, and required initial and annual training of its vehicular pursuits policy.

20. On information and belief, Defendant Grooms received no other appropriate training on the Defendant GCPD's vehicular pursuit procedures, or any other appropriate training on how to properly and safely conduct a vehicular pursuit.

21. Despite the broad and detailed policies and procedures governing vehicular pursuits, the Defendant GCPD and the City of Goose Creek failed to provide any meaningful supervision of Defendant Grooms during the pursuit of Mr. Edwards.

4

22. Defendant Grooms' decision to continue his high-speed pursuit of Mr. Edwards was unjustified and in violation of widely-accepted policing standards, including the policies and procedures promulgated by the Defendant GCPD and Defendant City of Goose Creek.

<b><u>AS A FIRST CAUSE OF ACTION</u></b><br><b><u>NEGLIGENCE OF JACOB GROOMS</u></b>

1. Plaintiff realleges and reiterates all the allegations of paragraphs 1 through 22 as fully as if repeated verbatim.

2. That on or about 4/24/2022 Defendant, Jacob Grooms, while acting in the course and scope of his employment as a law enforcement officer with the Defendant City of Goose Creek Police Department, attempted to pull Mr. Edwards over for a traffic violation for making an unlawful right-hand turn. During the attempted traffic stop, Mr. Edwards continued to evade Defendant Grooms' attempts to pull him over. Defendant Grooms then became engaged in a high-speed pursuit of Mr. Edwards.

3. During the course of Defendant Grooms' pursuit of Mr. Edwards, Defendant Grooms was at all times operating a patrol vehicle issued to him as part of his employment with the Defendant GCPD Defendant City of Goose Creek.

4. Defendant Grooms' negligent high-speed pursuit at speeds in excess of 100 miles per hour of Mr. Edwards caused Mr. Edwards to drive recklessly, resulting in a collision with the vehicle that the Plaintiff was a passenger in.

5. This occurred on Plantation North BLVD and Highway 176 in a densely populated and high traffic area.

6. That as a result, the Plaintiff suffered physical harm and injury, all of which has and will cause the Plaintiff to undergo much physical pain and suffering including, but not limited

to permanent impairment and loss of enjoyment of life, which has and will in the future cause the Plaintiff to have to spend money for medical expenses, and has and will cause the Plaintiff to lose money in the nature of wages and earnings.

7.     During the high-speed pursuit, Defendant Grooms continued to maintain an unreasonably dangerous speed of 113 miles per hour in his patrol vehicle, failing to slow or stop his vehicle when it was necessary to do so, and failing to keep his vehicle under proper control.

8.     That Defendant Grooms was in violation of the Defendant GCPD and Defendant City of Goose Creek Pursuit Policy.

9.     That the injuries and damages to the Plaintiff were due to and caused by the gross negligence, carelessness, recklessness, willfulness, wantonness, and heedlessness of Defendant Grooms in one or more of the following particulars:

a.     In traveling too fast for conditions;

b.     In failing to maintain a proper lookout;

c.     In failing to keep the Defendants' vehicle under proper control;

d.     In failing to use the degree of care and caution that a reasonably prudent law enforcement officer would have used under the circumstances then and there prevailing;

e.     In violating the policies and guidelines of the Defendant GCPD and Defendant City of Goose Creek with regard to pursuit of suspects;

f.     In failing to call for appropriate back up, or wait for appropriate back-up, as required under the circumstances;

6

g. In using excessive, unreasonable speed to apprehend a fleeing suspect who posed no immediate danger or threat of physical harm to any person;

h. In such other and further particulars to be demonstrated at the trial of this case.

All of which were the direct and proximate cause of the damages suffered by the Plaintiff herein.

10. That the Plaintiff is informed and believes that he is entitled to judgment against Defendant Grooms, jointly and severally, for actual damages and punitive damages to be determined by the Court and/or Jury.

## AS A SECOND CAUSE OF ACTION
## NEGLIGENCE AND GROSS NEGLIGENCE OF THE CITY OF GOOSE CREEK POLICE DEPARTMENT

11. The Plaintiff realleges and reiterates all the allegations of paragraphs 1 through 11 as fully as if repeated verbatim.

12. The above-described incident was also proximately caused by the negligent and grossly negligent acts of the Defendant GCPD, in its improper and inadequate hiring, training, retention, and supervision of Officer Jacob Grooms with regard to proper law enforcement techniques, including, but not limited to the protocols for initiating, continuing, and terminating the pursuit of a fleeing motorist.

13. As a direct and proximate result of the negligent and grossly negligent acts of Defendant GCPD, Plaintiff has suffered serious and permanent bodily injuries and will continue to suffer from the same in future.

14. Plaintiff is entitled to judgment against Defendant GCPD for an award of actual damages that will fully compensate him for injuries he sustained because of the actions of Officer Grooms, acting within the course and scope of his employment with the Defendant

7

GCPD, including but not limited to medical expenses, pain and suffering, permanent impairment of health, loss of enjoyment of life, mental anguish, humiliation, shock, grief, sorrow, loss of income, and loss of earning capacity, and all other recoverable elements of damage permitted by South Carolina law.

## FOR A THIRD CAUSE OF ACTION
## NEGLIGENCE OF CITY OF GOOSE CREEK

15. The Plaintiff realleges and reiterates all the allegations of paragraphs 1 through 14 as fully as if repeated verbatim.

16. The above-described incident was also proximately caused by the negligent and grossly negligent acts of the Defendant Goose Creek, in its improper and inadequate hiring, training, retention, and supervision of Officer Jacob Grooms with regard to proper law enforcement techniques, including, but not limited to the protocols for initiating, continuing, and terminating the pursuit of a fleeing motorist.

17. As a direct and proximate result of the negligent and grossly negligent acts of Defendant Goose Creek, Plaintiff has suffered serious and permanent bodily injuries and will continue to suffer from the same in future.

18. Plaintiff is entitled to judgment against Defendant Goose Creek for an award of actual damages that will fully compensate him for injuries he sustained because of the actions of Officer Grooms, acting within the course and scope of his employment with the Defendant Goose Creek, including but not limited to medical expenses, pain and suffering, permanent impairment of health, loss of enjoyment of life, mental anguish, humiliation, shock, grief, sorrow, loss of income, and loss of earning capacity, and all other recoverable elements of damage permitted by South Carolina law.

All of which were the direct and proximate cause of the damages suffered by the Plaintiff herein.

**FOR A FOURTH CAUSE OF ACTION**
**(42 U.S.C. § 1983 – Violation of Plaintiff's Fourteenth Amendment Rights By Defendant Grooms)**

19. Plaintiff realleges and reincorporates all preceding paragraphs as if fully set forth Defendant Grooms began his high-speed driving after attempting to stop Mr. Edwards for a traffic violation.

20. There were numerous vehicles traveling on all lanes of traffic on this stretch of HWY 176 as Grooms drove recklessly and illegally along it.

21. Additionally, this portion of HWY 176 is high in traffic at that time of night. While Grooms was driving, he had ample time and opportunity to slow down to a reasonable and safe speed, which he deliberately chose not to do despite seeing numerous vehicles ahead of him and despite knowing he was approaching the busy and controlled intersection at Plantation North BLVD.

22. The acts and omissions of Defendant Grooms by driving his police vehicle at such an extreme and reckless rate of speed without being dispatched to respond to an emergency, constitutes a conscious-shocking and/or deliberate indifference to the lives and safety of those on the road around him, including Plaintiff, in violation of the Plaintiff's Fourteenth Amendment rights.

23. Yet, even if Defendant Grooms had been dispatched to respond to an emergency or was in pursuit of a fleeing dangerous criminal, his extreme and reckless driving at close to 60 miles per hour over the posted speed limit would still constitute deliberate indifference to the lives and safety of those on the road around him, including the Plaintiff.

24. Indeed, any reasonable law enforcement officer would have known the reckless driving and speeds engaged in by Defendant Grooms were not only unlawful, but created a substantial risk of serious harm and death to those around him.

25. By the acts and omissions described above, Defendant Grooms deprived the Plaintiff of the following clearly established and well-settled constitutional rights protected by the Fourteenth Amendment to the U.S. Constitution.

    a. The right to be free from deprivation of life, liberty, and property without due process of law as secured by the Fourteenth Amendment; and

    b. The right to be free from unlawful, reckless, deliberately indifferent, and conscious shocking conduct as secured by the Fourteenth Amendment.

26. As a direct result of the conscious shocking and/or deliberately indifferent conduct to life by Defendant Grooms, the Plaintiff was severely injured.

27. As a direct and proximate result of Defendant Grooms' violation of the Plaintiff's constitutionally protected rights, Plaintiff is entitled to recover actual and punitive damages from him as determined by a jury.

**FOR A FIFTH CAUSE OF ACTION**
**(42 U.S.C. § 1983 – Municipal Liability Against City of Goose Creek Police Department and City of Goose Creek for Violating Plaintiff's Constitutional Rights)**

28. Plaintiff realleges and reincorporates all preceding paragraphs as if fully set forth herein.

29. At all times relevant hereto, Defendants City of Goose Creek Police Department and City of Goose Creek acted under the color of state law.

30. Plaintiff was deprived of her right to be free from the deprivation of her life and her property without due process by the City of Goose Creek Police Department and City of Goose Creek.

31. The City of Goose Creek Police Department and City of Goose Creek policies and procedures, including informal and unwritten guidance to deputies, governs their conduct while participating on the City of Goose Creek Police Department's Patrol. On information and belief, at all times relevant the City of Goose Creek had actual knowledge of the City of Goose Creek Police Department's policies and practices and expressly agreed that these policies would govern the conduct of officer's working the City of Goose Creek Police Department's Patrol. In doing so, the City of Goose Creek shared, ratified, and adopted these policies and practices as their own to govern deputies' conduct on the City of Goose Creek Police Department's Patrol.

32. On information and belief, City of Goose Creek Police Department's officers have in the past caused serious injury and/or death to motorists driving on local roads through high-speed and reckless driving incidents and/or failure to yield to other motorists when not dispatched to emergencies in the years prior to the traumatic accident involving the Plaintiff.

33. Despite the frequency of serious injuries and death resulting from this reckless and dangerous driving, on information and belief the City of Goose Creek Police Department's had actual knowledge of these incidents but took no action to curb or stop them from occurring in the future.

34. Defendants City of Goose Creek Police Department and the City of Goose Creek acted with reckless indifference to the Plaintiff's life in that, as a matter of policy or custom, they had knowledge of reckless and illegal driving by police officers in Berkeley County and Charleston County but failed to adequately discipline, train, investigate, supervise or otherwise direct deputies serving on the City of Goose Creek Police Department's Patrol, and Defendant Grooms in particular, to prevent future reckless driving due to their deliberate indifference to the lives of civilians driving on the road.

35. Defendants, as a matter of custom, caused, encouraged, condoned, and allowed officers to engage in unlawful and reckless conduct without fear of consequence of their actions, thereby making it reasonably probable that, sooner or later, an officer would recklessly injure or kill a civilian motorist and serving as the moving force behind Defendant Grooms' reckless and dangerous collision with the Plaintiff.

36. As a direct result of Defendants' deliberate indifference to these constitutional violations, Defendant Grooms had no fear of internal consequences for driving recklessly and at an excessive rate of speed down HWY 176 in violation the Plaintiff's constitutional rights, and Defendant Grooms violated the Plaintiff's Fourteenth Amendment right to be free from deprivation of her life and property without due process.

37. As a result of Defendants' deliberate indifference to the violation of the Plaintiff's constitutional rights, she was seriously injured by Defendant Grooms.

38. As a result of Defendants' deliberate indifference to the violation of the Plaintiff's constitutional rights, Plaintiff is entitled to recover actual and punitive damages from Defendants as determined by a jury.

**FOR A SIXTH CAUSE OF ACTION**
**(42 U.S.C. § 1983 Deliberate Indifference to Goose Creek Police Department and City of Goose Creek)**

39. Plaintiff re-alleges and reiterates that preceding paragraphs, as fully as if repeated here verbatim.

40. The unconstitutional actions and/or omissions of Defendants GCPD and the City of Goose Creek as well as other officers employed by or acting on behalf of these Defendants, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the

GCPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policymaking officers for GCPD and the Cityof Goose Creek.

a.  To teach or tolerate the improper handling, of pursuits;

b.  To create unnecessary danger and risk of harm or death, with deliberate indifference, to citizens of Goose Creek and Berkeley County;

c.  To use or tolerate inadequate, deficient, and improper training for use of lethal force and;

e.  As may otherwise be learned during discovery in this case.

41.  Defendants above-named in this cause of action subjected Plaintiff to their wrong conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omission.

42.  As a direct and proximate result of the unconstitutional actions, omission, customs, policies, practices and procedures of Defendants above-named in this cause of action, Plaintiff sustained serious harms and losses and is entitled to damages, penalties, costs and attorney fees as set forth above, including punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a trial by jury and for the following:

i.  Judgement against Defendant, individually and joint and severally;

ii.  For actual damages, special damages, consequential damages, punitive damages, and treble damages in an amount to be determined by the jury;

iii.  For costs of this action and reasonable attorney's fees;

iv.  And for all such other and further relief this Honorable Court deems just and proper.

Respectfully Submitted,                    SANYAL LAW FIRM, LLC

                                    By:    /S/ *Ravi Sanyal*
                                           Ravi Sanyal, Esquire
                                           778 St. Andrews Blvd
                                           Charleston, SC  29407
                                           Attorney ID # 7586
                                           Phone:  843-641-0347
                                           Fax:  843-641-0362
                                           Email:  ravi@sanyallaw.com
                                           **Attorney for Plaintiff**

Charleston, South Carolina

This 18th day of April, 2024

14